IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SANTOS ZEPEDA,

    Petitioner,                    No. CIV S-11-1757 DAD P

    vs.

SUZAN L. HUBBARD, Warden,      <u>ORDER AND</u>

    Respondent.              <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.

**PRELIMINARY SCREENING**

        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

1

Moreover, the Ninth Circuit has held that a district court may dismiss sua sponte a habeas petition on the grounds that it is untimely under the statute of limitations so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. See Herbst v. Cook, 260 F.3d 1039, 1042 (9th Cir. 2001). These findings and recommendations are intended to notify petitioner of the court's intention to dismiss the instant petition on the ground that it is untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). If petitioner desires to respond and demonstrate to the court that he has filed this action within the applicable on-year statute of limitations or is eligible for statutory or equitable tolling of the limitations period, he may do so by filing objections to these findings and recommendations.

**BACKGROUND**

On June 30, 2011, petitioner commenced this action by filing a petition for writ of habeas corpus. According to the petition, on October 10, 2006, a Butte County Superior Court jury convicted petitioner of first-degree murder, attempted murder, and various other charges. Pursuant to the jury's verdict, the trial court sentenced petitioner to eighty-four years to life in state prison. (Pet. at 2.)

Petitioner appealed his conviction to the California Court of Appeal for the Third Appellate District. The state appellate court affirmed his judgment of conviction. Petitioner then filed a petition for review. On December 17, 2008, the California Supreme Court denied review. Other than his direct appeal, petitioner has not filed any other petitions, applications, or motions with respect to his judgment of conviction in any court, state or federal. (Pet. at 3.)

**ANALYSIS**

I. The AEDPA Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

/////

    (d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The AEDPA's one-year statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to pending petition.  See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II.  Application of § 2244(d)(1)(A)

    As noted above, on October 10, 2006, a Butte County Superior Court jury convicted petitioner and he was subsequently sentenced to eighty-four years to life in state prison.  The California Court of Appeal affirmed his judgment of conviction.  On December 17, 2008, the California Supreme Court denied review.

    For purposes of federal habeas review, petitioner's conviction became final on March 17, 2009, ninety days after the California Supreme Court denied his petition for review.  See Summers v. Schriro, 481 F.3d 710, 717 (9th Cir. 2007); Bowen v. Roe, 188 F.3d 1157,

1158-59 (9th Cir. 1999). The AEDPA statute of limitations period began to run the following day, on March 18, 2009, and expired one year later on March 17, 2010. Even with application of the mailbox rule, petitioner did not file his original federal habeas petition with this court until June 27, 2011. Accordingly, petitioner's federal petition for writ of habeas corpus is untimely by more than a year unless he is entitled to the benefit of tolling.

III. Application of § 2244(d)(2)

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

In this case, petitioner is not entitled to statutory tolling of the statute of limitations. As petitioner acknowledges, other than his direct appeal, he has not filed any other petitions, applications, or motions challenging his judgment of conviction in any court, state or federal. Accordingly, by the time petitioner signed his original federal habeas petition and submitted it for filing in federal court on June 27, 2011, more than one year had run on the statute of limitations, rendering his federal habeas petition time-barred.[1]

/////

/////

---

[1] Petitioner has presented no facts nor advanced any argument that would entitle him to equitable tolling of the statute of limitations.

**OTHER MATTERS**

Also pending before the court is petitioner's motion for appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

**CONCLUSION**

IT IS HEREBY ORDERED that:

1. Petitioner's motion for appointment of counsel (Doc. No. 2) is denied; and

2. The Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (Doc. No. 1) be dismissed as barred by the statute of limitations; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written

objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. <u>See</u> Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant); <u>Hayward v. Marshall</u>, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of appealability to review the denial of a habeas petition challenging an administrative decision such as the denial of parole by the Board), <u>overruled in part by</u> <u>Swarthout</u>, 562 U.S. ___ , 131 S. Ct. 859 (2011).

DATED: August 1, 2011.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
zepe1757.156